## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

A. O. SMITH WATER TREATMENT (NORTH AMERICA), INC.,

                Plaintiff,

     v.

DISCOUNTED WATER FILTERS, INC.,

                Defendant,

Case No.: _____

## COMPLAINT

Plaintiff A. O. Smith Water Treatment (North America), Inc. ("A. O. Smith"), by and through its undersigned counsel, complains against Defendant Discounted Water Filters, Inc. ("Defendant") and for causes of action alleges as follows:

### NATURE OF THE CASE

1.      This is an action to stop and remedy Defendant's continuing willful and intentional trademark infringement, unfair competition, and cybersquatting practices that are aimed at trading off the valuable goodwill A. O. Smith and its predecessors have developed in the HAGUE Marks (described below) through significant investment and promotion over the course of nearly 40 years.

2.      A. O. Smith, a leading global manufacturer of water treatment equipment and related goods, owns the HAGUE Marks and markets and sells products related to water treatment systems in connection the HAGUE Marks (the "Hague Products"). Due to A. O. Smith's and its predecessors' substantial efforts in advertising, marketing, and promotion in connection with the HAGUE Marks, water treatment professionals and consumers alike are familiar with the Hague

1

Products, which are well known as high-quality water treatment systems and component parts, including water filters and component parts, and readily recognize the distinctive HAGUE Marks and associate them with the Hague Products.

3.　　Nevertheless, after A. O. Smith and its predecessors had been prominently using the HAGUE Marks for decades, Defendant began using the *exact same* HAGUE Marks to advertise and sell water treatment systems and components that are neither Hague Products nor manufactured by A. O. Smith, including inferior aftermarket water treatment system replacement parts, without A. O. Smith's authorization. Defendant's scheme to usurp A. O. Smith's valuable goodwill has even included registering and using a domain name—haguewaterfilters.com—that incorporates one of the HAGUE Marks to sell Defendant's non-Hague products.

4.　　Defendant is well aware of A. O. Smith and its HAGUE Marks. When A. O. Smith demanded that Defendant cease its infringing uses of the HAGUE Marks by making relatively modest changes to its online advertising, Defendant responded that it would consider ceasing its infringing uses only if A. O. Smith offered to purchase Defendant's business, a hallmark tactic of willful infringers and cybersquatters alike. A. O. Smith refused to be held hostage to Defendant's purchase condition, and to this day Defendant willfully and intentionally continues its infringing uses of the HAGUE Marks even after A. O. Smith's demands for minor revisions to mitigate the risk of consumer confusion.

5.　　Accordingly, A. O. Smith brings this action for (1) trademark infringement under section 32 of the Lanham Act, 15 U.S.C. § 1114(1); (2) unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) false advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C.

2

§ 1125(d); (5) common law trademark infringement under Wisconsin law; and (6) common law unfair competition under Wisconsin law.

## PARTIES

6. Plaintiff A. O. Smith Water Treatment (North America), Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Milwaukee, Wisconsin.

7. Defendant Discounted Water Filters, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Peoria County, Illinois.

## JURISDICTION AND VENUE

8. A. O. Smith's causes of action arise under the Lanham Act, codified at 15 U.S.C. § 1051, *et seq.*, the Anticybersquatting Consumer Protection Act ("ACPA"), codified in relevant part at 15 U.S.C. § 1125(d), and applicable state laws.

9. The adverse parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

10. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of citizenship), 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks), 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws), and/or 28 U.S.C. § 1367 (supplemental jurisdiction).

11. This Court has personal jurisdiction over Defendant because Defendant transacts substantial business in Wisconsin and within this District, and Defendant committed and continues to commit acts of trademark infringement, unfair competition, and other unlawful conduct in

3

Wisconsin and within this District, including through sales and shipments of non-Hague DWF Products (described below) using the HAGUE Marks in Wisconsin and within this District.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the activity complained of occurred in this District, a substantial part of property that is the subject of this action is situated in this District, and Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### A. O. Smith, Hague, and the HAGUE Marks

13.     Since as early as 1960, Wm. R. Hague, Inc., or its predecessors (collectively "Hague"), has manufactured, marketed, and sold water treatment systems, components, and related Hague Products and has generally been referred to as "Hague."

14.     Genuine Hague Products are sold with a manufacturer's warranty, a high level of customer service, and other quality controls, all of which allow Hague and its successor, A. O. Smith, to protect the Hague brand by managing the consumer's experience with Hague Products.

15.     Since at least as early as 1975, Hague has continuously manufactured, marketed, distributed, and sold products related to water treatment systems, including sales of water softening, filtration, purification, and deionization units, and their component parts, in connection with the "HAGUE" word marks and distinctive "HAGUE" logo, and variations thereof (collectively, the "HAGUE Marks") in various channels of interstate commerce across the United States.

16.     Since at least as early as 1998, Hague has manufactured, marketed, distributed, and sold products in connection with design marks featuring a stylized water droplet and the stylized word "HAGUE" (collectively, the "HAGUE Logo").

4

17.    Examples of the HAGUE Logo used in commerce are depicted below:







18.    In 2017, A. O. Smith acquired Hague's business, including the HAGUE Marks.

19.    Attached and incorporated by reference herein as **Exhibit A** are true and correct copies of records showing A. O. Smith's acquisition of Hague's business.

20.    Hereinafter, references to "A. O. Smith" include Hague and all other predecessors with interests in the HAGUE Marks.

21.    The HAGUE Marks that A. O. Smith owns include two federally registered trademarks containing the term "HAGUE," described as follows:

| Mark | Reg. No. | Goods/Services | Use In Commerce | Reg. Date |
|------|----------|----------------|-----------------|-----------|
| HAGUE | 1196163 | Water Softeners, Water Filtration Units, Water Purifiers, and Water Deionization Units | February 1, 1975 | May 25, 1982 |
| HAGUE HYDRO-CLEAN | 1266258 | Water Softening Units, Water Filtration Units, Water Purification Units, and Water Deionization Units | February 1, 1975 | February 7, 1984 |

5

22.     Attached and incorporated by reference herein as **Exhibit B** are true and correct copies of U.S. Patent and Trademark Office ("USPTO") records showing the active status of each U.S. federal trademark registration identified above.

23.      The registrations for the registered HAGUE Marks with Registration Nos. 1196163 and 1266258 are in full force and effect on the USPTO's Principal Register.

24.     The registrations for the registered HAGUE Marks with Registration Nos. 1196163 and 1266258 are incontestable under 15 U.S.C. § 1065 and constitute conclusive evidence of the validity of the registered marks and of the registration of the marks, of A. O. Smith's ownership of the marks, and of A. O. Smith's exclusive right to use the registered marks in commerce in connection with the services specified in the registrations, pursuant to 15 U.S.C. § 1115(b).

25.     A. O. Smith has used the HAGUE Marks (including on the www.haguewater.com website) continuously and extensively and has realized substantial sales of the Hague Products throughout the United States in connection with the HAGUE Marks.

26.     Since at least as early as 1998, A. O. Smith has registered and used the haguewater.com domain name for a website using the HAGUE Marks in connection with the HAGUE Products.

27.     Attached and incorporated by reference herein as **Exhibit C** are true and correct copies of Internet Archives screenshots showing A. O. Smith's use of the HAGUE Marks on haguewater.com dated January 31, 1998.

28.     Since commencing use of the HAGUE Marks, A. O. Smith has enjoyed substantial sales revenues in connection with the HAGUE Marks.

6

29.     A. O. Smith has expended substantial time, effort, and money in the manufacture, promotion, and advertisement of the Hague Products sold throughout the United States in connection with the HAGUE Marks, including on Hague's website, www.haguewater.com.

30.     Since commencing use of the HAGUE Marks, A. O. Smith has invested a substantial amount of money in advertising expenditures and the promotion of goods offered in connection with the HAGUE Marks through a variety of advertising mediums.

31.     A. O. Smith has acquired valuable goodwill in the HAGUE Marks as a result of its continuous use and promotion of the HAGUE Marks.

32.     The HAGUE Marks are recognized as identifying A. O. Smith as the source of the Hague Products that are manufactured, marketed, distributed, and sold in connection with the HAGUE Marks.

33.     The HAGUE Marks are distinctive and closely associated with A. O. Smith and the Hague Products.

34.     As a result of A. O. Smith's widespread, continuous, and exclusive use of the HAGUE Marks to identify its goods and their source, A. O. Smith owns valid and subsisting statutory and common law rights in the HAGUE Marks.

### *Defendant's Unlawful Use of the HAGUE Marks*

35.     Defendant is an Illinois-based business that promotes, markets, and sells water treatment systems and component parts, including aftermarket water treatment system replacement parts, such as water filters and component parts, to water treatment professionals and the general public (the "DWF Products").

7

36.     Upon information and belief, when Defendant began operating, it did business under the name "Hague Water Filters" but thereafter incorporated under its current name, Discounted Water Filters, Inc.

37.     As a newer and much smaller business than A. O. Smith, Defendant is not well known to water treatment professionals or the general public.

38.     Thus, neither water treatment professionals nor the general public readily identify Defendant as a competitor of A. O. Smith.

39.     Defendant is not an authorized dealer of Hague Products.

40.     The DWF Products that Defendant promotes, markets, and sells are not genuine Hague Products, and they are thus not subject to A. O. Smith's quality control and are not covered by product warranties for Hague Products.

41.     Nevertheless, Defendant has used, and continues to use, A. O. Smith's HAGUE Marks to promote, market, and sell its non-Hague DWF Products in ways that falsely suggest that DWF Products are genuine Hague Products.

42.     First, Defendant has displayed the HAGUE Logo on Defendant's website in connection with Defendant's promotion, marketing, and sales of its non-Hague DWF Products.

43.     Defendant has registered and owns the domain name discountedwaterfilters.com.

44.     Attached and incorporated by reference herein as **Exhibit D** is a true and correct copy of a WHOIS report for discountedwaterfilters.com.

45.     Defendant uses its discountedwaterfilters.com website to promote, market, and sell non-Hague DWF Products.

46.     The discountedwaterfilters.com website has displayed the HAGUE Logo in connection with the promotion, marketing, and sales of non-Hague DWF Products.

8

47.     An example of a HAGUE Logo displayed on the discountedwaterfilters.com website is depicted below:



**Hague Quality Water**

Hague Water Filters - Where you can find a variety of replacement parts and filters to fit the Hague WaterMax reverse osmosis water treatment system.

48.     Attached and incorporated by reference herein as **Exhibit E** are true and correct copies of Internet Archive records depicting additional examples of the HAGUE Logo displayed on the discountedwaterfilters.com website.

49.     Second, Defendant has displayed the HAGUE Marks in product photos of non-Hague DWF Products.

50.     Examples of HAGUE Marks displayed in product photos of non-Hague DWF Products on the discountedwaterfilters.com website are depicted below:



51.     Attached and incorporated by reference herein as **Exhibit F** are true and correct copies of Internet Archive records depicting additional examples of the HAGUE Marks displayed in product photos of non-Hague DWF Products on the discountedwaterfilters.com website.

9

52.     Attached and incorporated by reference herein as **Exhibit G** are true and correct copies of webpages depicting additional examples of HAGUE Marks displayed in product photos of non-Hague DWF Products on the discountedwaterfilters.com website.

53.     Third, Defendant has displayed the HAGUE Marks in product headers and descriptions of non-Hague DWF Products.

54.     Examples of HAGUE Marks displayed in product headers and descriptions of non-Hague DWF Products on the discountedwaterfilters.com website are depicted below:



55.     Attached and incorporated by reference herein as **Exhibit H** are true and correct copies of Internet Archive records depicting additional examples of HAGUE Marks displayed in product headers and descriptions of non-Hague DWF Products on the discountedwaterfilters.com website.

56.     Attached and incorporated by reference herein as **Exhibit I** are true and correct copies of webpages depicting additional examples of HAGUE Marks displayed in product headers and descriptions of non-Hague DWF Products on the discountedwaterfilters.com website.

57.     Fourth, Defendant has displayed the HAGUE Marks in the URLs of numerous webpages advertising and selling non-Hague DWF Products on the discountedwaterfilters.com website.

58.     An example of HAGUE Marks displayed in the URL of a webpage advertising and selling non-Hague DWF Products on the discountedwaterfilters.com website is depicted below:



59.     Attached and incorporated by reference herein as **Exhibit J** are true and correct copies of Internet Archive records depicting additional examples of HAGUE Marks displayed in URLs of webpages advertising and selling non-Hague DWF Products on the discountedwaterfilters.com website.

60.     Attached and incorporated by reference herein as **Exhibit K** are true and correct copies of webpages depicting additional examples of HAGUE Marks displayed in URLs of webpages advertising and selling non-Hague DWF Products on the discountedwaterfilters.com website.

61.     Finally, Defendant displays the HAGUE Marks in a domain name Defendant uses in connection with Defendant's promotion, marketing, and sales of its non-Hague DWF Products.

62.     Specifically, Defendant has registered and owns the domain name haguewaterfilters.com, which contains the HAGUE Mark "Hague" followed by a generic term for certain HAGUE Products.

63.     Attached and incorporated by reference herein as **Exhibit L** is a true and correct copy of a WHOIS report for haguewaterfilters.com.

64.     Defendant causes all internet users—including water treatment professionals and members of the general public—who arrive at the haguewaterfilters.com website to be automatically redirected to Defendant's discountedwaterfilters.com website.

65.     However, internet users who type the haguewaterfilters.com domain name into their browser's address bar, search with their browser for "haguewaterfilters.com," click a link to haguewaterfilters.com, or otherwise arrive at the haguewaterfilters.com website are *not* redirected to the main page for the discountedwaterfilters.com website.

66.     Instead, Defendant causes all internet users who arrive at the haguewaterfilters.com website to be automatically redirected to a specific landing page at the discountedwaterfilters.com website that contains the Hague Marks in its URL, prominently displays "Hague Quality Water" near the top of the page, and lists numerous products with the Hague Marks in the product photo, header, and description.

67.     The discountedwaterfilters.com website landing page to which Defendant causes all internet users who arrive at the haguewaterfilters.com website to be automatically redirected is depicted below and in **Exhibit K**:

12



# HAGUE QUALITY WATER



Home / Hague Quality Water

**PRODUCT CATEGORIES**

Hydranautics
Pentek
RO Filters
RO Membranes
Rain Soft
Water Treatment Chemicals
TriSep
HM Digital
RO Parts
Clack
Hydro-Cure

Showing 1–16 of 46 results

Default sorting

**AUTO SHUT-OFF FOR REVERSE OSMOSIS**

**HAGUE 1/4 INCH RED TUBING 1 FOOT**

**HAGUE 1/4 INCH RED TUBING 500 FEET**

68.     Attached and incorporated by reference herein as **Exhibit M** is a true and correct copy of a Wheregoes.com report from June 2024 showing that the haguewaterfilter.com domain name re-directs consumers to discountedwaterfilters.com/product-category/hague-quality-water/, *i.e.*, the same specific landing page depicted above.

69.     Defendant sells non-Hague DWF Products using the HAGUE Marks in Wisconsin and within this District.

70.     For example, in May 2023, Defendant sold via its website at least four non-Hague DWF Products using the HAGUE Marks to a consumer within this District and shipped such products to Waukesha County, Wisconsin.  Defendant advertised such products on its website as "Hague RO Drain Restrictor – 50 GPD," "Hague RO Drain Restrictor – 36 GPD," "Hague 20 Inch 5 Micron Sediment Filter," and "Hague Prolonged Contact Filter."  None of these products shipped by Defendant into this District were genuine Hague Products.  Defendant continues to advertise and offer non-Hague DWF Products for sale – under the HAGUE Marks – into this District.

13

## *Defendant's Refusal to Cease Unlawful Use of the HAGUE Marks*

71.     In November 2022, A. O. Smith, through counsel, sent a letter to Defendant. notifying Defendant of A. O. Smith's rights in the HAGUE Marks and of Defendant's unlawful uses of the HAGUE Marks.

72.     The November 2022 letter requested, among other things, that Defendant remove unlawful displays of the HAGUE Marks, including the Hague Logo, from its website; that, for any aftermarket replacement product that Defendant claims to be compatible with Hague Products, Defendant include on its website language clarifying the product is not manufactured by or otherwise affiliated with A. O. Smith; and that Defendant include on its website an express disclaimer that Defendant is not affiliated with Hague.

73.     In correspondence that followed the November 2022 letter, A. O. Smith repeated its requests that Defendant cease its unlawful uses of the HAGUE Marks; provided Defendant with a proposed disclaimer for its website; identified, at Defendant's request, each instance of a product heading or description on Defendant's website requiring modest revisions, for which A. O. Smith also provided suggested language; and requested that Defendant transfer registration of the haguewaterfilters.com domain to A. O. Smith.

74.     However, Defendant refused to comply with A. O. Smith's requests and expressly stated several times that Defendant would consider ceasing its use of the HAGUE Marks in connection with advertising and sales of non-Hague DWF Products only if A. O. Smith offered to purchase Defendant's business.

75.     Ultimately, the parties could not reach a resolution concerning Defendant's use of the HAGUE Marks, and, in November 2023, Defendant filed a lawsuit in the Central District of Illinois seeking declaration that its use of the HAGUE Marks did not infringe on A. O. Smith's

14

rights. *See* Compl. & Am. Compl., *Discounted Water Filters Inc. v. A. O. Smith Water Treatment (N. Am.), Inc.*, No. 1:23-cv-01416-MMM-JEH, ECF Nos. 1 & 11 (C.D. Ill.) (the "Illinois Litigation").

76. The U.S. District Court for the Central District of Illinois has since granted A. O. Smith's Motion to Dismiss the Illinois Litigation for lack of personal jurisdiction over A. O. Smith. *See Discounted Water Filters Inc. v. A. O. Smith Water Treatment (N. Am.), Inc.*, No. 1:23-cv-01416-MMM-JEH (C.D. Ill.) (June 4, 2024 Minute Entry) ("The Court Grants [ECF] 14 Motion to Dismiss with its ruling to be finalized in a Written Order to follow"); June 12, 2024 Order of dismissal (ECF 20). Attached and incorporated by reference herein as **Exhibit N** is a true and correct copy of the Docket Report for the Illinois Litigation from June 12, 2024, and the Order of dismissal entered June 12, 2024.

77. Although Defendant has made some slight modifications to its website since the November 2022 letter, Defendant continues to use the HAGUE Marks, largely as described above, in connection with the advertising and sale of its non-Hague DWF Products.

### *Confusion Caused by Defendant's Unlawful Use of the HAGUE Marks*

78. Both A. O. Smith and Defendant use the HAGUE Marks in connection with the promotion, marketing, and sale of the exact same kinds of goods, namely water treatment systems and their component parts, including water filters and component parts.

79. The goods promoted, marketed, and sold in connection with the HAGUE Marks by A. O. Smith and Defendant are intended for use by the exact same consumer groups, namely water treatment professionals and members of the general public at large.

80. The HAGUE Marks, including the HAGUE Logo, used by Defendant in connection with the promotion, marketing, and sale of DWF Products are the exact same as the HAGUE

Marks used by A. O. Smith in connection with the promotion, marketing, and sale of Hague Products.

81.    The goods promoted, marketed, and sold in connection with the HAGUE Marks by A. O. Smith and Defendant reach consumers through similar commercial channels, including through advertising via the parties' respective websites, which consumers locate using normal methods of internet searching, and then either ordering through Defendant's website or contacting dealers listed on A. O. Smith's website.

82.    Both A. O. Smith and Defendant display the HAGUE Marks and market and advertise the goods sold in connection with them to consumers through the same types of commercial media, including the parties' respective websites.

83.    The goods sold in connection with the HAGUE Marks by A. O. Smith and Defendant are promoted, marketed, and sold to consumers in overlapping geographical markets.

84.    The applicable goods sold in connection with the HAGUE Marks by A. O. Smith and Defendant are widely accessible to, and relatively inexpensive for, the consumers who typically purchase them and who therefore do not exercise a heightened degree of discrimination when making such purchases.

85.    Due to the substantial sales revenues from Hague Products sold in connection with the HAGUE Marks, the substantial dollars invested in the advertising of Hague Products in connection with the HAGUE Marks, as well as the HAGUE Marks' long history of prominent use in connection with the promotion, marketing, and sale of Hague Products, the HAGUE Marks are strong and well-established among consumers.

86.    Defendant's persistent and prevalent use of the HAGUE Marks, including Defendant's refusal to cease such use upon being apprised of A. O. Smith's strong rights in the

16

well-known HAGUE Marks, has been willful and intentional and, upon information and belief, undertaken for the purposes of (i) passing itself or its DWF Products off as being affiliated or associated with A. O. Smith or the Hague Products; (ii) confusing and deceiving A. O. Smith's customers and prospective customers, and (iii) forcing A. O. Smith to spend substantial resources to protect its own trademarks by refusing to cease using the HAGUE Marks unless A. O. Smith offered to purchase Defendant's business.

87.     Due to Defendant's use of the HAGUE Marks, consumers familiar with the well-established HAGUE Marks are likely to immediately associate Defendant and its DWF Products with A. O. Smith or the Hague Products or to wrongly believe that Defendant's goods either are related to A. O. Smith's goods or represent an extension of A. O. Smith's Hague brand.

88.     Defendant's promotion, marketing, and sale of products under the HAGUE Marks precludes A. O. Smith from being able to control the reputation of its Hague brand.

89.     Because consumers encountering the HAGUE Marks in connection with water treatment systems and component parts are likely to associate DWF Products with the well-established Hague brand, Defendant's use of the HAGUE Marks is likely to create confusion, mistake, and deception in the marketplace in a manner that would irreparably damage the reputation and goodwill of A. O. Smith's Hague brand.

90.     Defendant's actions described above have caused irreparable damage and injury to A. O. Smith and, if permitted to continue, will further damage and injure A. O. Smith's reputation and the goodwill associated with the HAGUE Marks.

91.     Defendant's actions also significantly damage the public interest in being free from confusion as to the source, sponsorship, or affiliation of A. O. Smith's and Defendant's respective goods.

17

92.     Defendant's use of the HAGUE Marks is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's goods and services or create initial interest confusion, and is likely to falsely suggest a sponsorship, connection, license, or association of Defendant and its products with A. O. Smith, thereby injuring A. O. Smith and the public in general.

**COUNT ONE**
**Trademark Infringement in Violation of the Lanham Act, 15 U.S.C. § 1114**

93.     A. O. Smith re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

94.     As a result of A. O. Smith's widespread, continuous, and exclusive use of the HAGUE Marks to identify its goods as well as A. O. Smith as their source, A. O. Smith owns valid and subsisting federal statutory and common law rights to the HAGUE Marks.

95.     Defendant's unauthorized use of the HAGUE Marks in interstate commerce in connection with Defendant's goods is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Defendant's goods with A. O. Smith, or as to the approval of Defendant's goods and services by A. O. Smith, and thus constitutes infringement of the HAGUE Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

96.     Upon information and belief, Defendant's infringing use of the HAGUE Marks in connection with Defendant's goods has taken place with full knowledge of A. O. Smith and its rights in the HAGUE Marks and, therefore, has been intentional, deliberate, and willful.

97.     A. O. Smith has no adequate remedy at law for Defendant's continuing infringing uses. Defendant's actions complained of have directly and proximately caused and will continue to cause A. O. Smith damage and injury and have unjustly enriched Defendant. Unless enjoined

18

by this Court, Defendant will continue to do the acts complained of, cause damage and irreparable harm to A. O. Smith, and unjustly enrich itself.

98. Defendant's use of the HAGUE Marks has caused and will continue to cause damage to A. O. Smith in an amount to be determined at trial.

99. A. O. Smith is entitled to, among other relief, injunctive relief and an award of actual damages, an accounting of Defendant's revenue and profits from these infringements, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with pre-judgment and post-judgment interest.

**COUNT TWO**
**<u>Unfair Competition in Violation of the Lanham Act, 15 U.S.C. § 1125(a)</u>**

100. A. O. Smith re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

101. Defendant's acts described herein constitute a violation of federal unfair competition law, as Defendant has used and continues to use in interstate commerce words, terms, symbols, devices, names, or combinations thereof, or a false designation of origin, which are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with A. O. Smith, or as to the origin, sponsorship, or approval of Defendant's services by A. O. Smith, in violation of 15 U.S.C. § 1125(a).

102. Defendant's use in commerce of the HAGUE Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

103. Upon information and belief, Defendant's actions have been and are intentional, deliberate, and willful, and have taken place with full knowledge of A. O. Smith and its strong rights in the HAGUE Marks.

19

104.    A. O. Smith has no adequate remedy at law for Defendant's continuing infringing uses.  Defendant's actions complained of have directly and proximately caused and will continue to cause A. O. Smith damage and injury and have unjustly enriched Defendant.  Unless enjoined by this Court, Defendant will continue to do the acts complained of, cause damage and irreparable harm to A. O. Smith, and unjustly enrich itself.

105.    Defendant's use of the HAGUE Marks has caused and will continue to cause damage to A. O. Smith in an amount to be determined at trial.

106.    A. O. Smith is entitled to, among other relief, injunctive relief and an award of actual damages, an accounting of Defendant's revenue and profits from these infringements, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with pre-judgment and post-judgment interest.

## COUNT THREE
## False Advertising in Violation of the Lanham Act, 15 U.S.C. § 1125(a)

107.    A. O. Smith re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

108.    Defendant's acts described herein constitute a violation of federal false advertising law, as Defendant has used and continues to use in interstate commerce words, terms, symbols, devices, names, or combinations thereof, or a false designation of origin, which, in commercial advertising or promotion, misrepresent the nature, characteristics, qualities, or geographic origin of Defendant's, A. O. Smith's, or another's goods, services, or commercial activities, in violation of 15 U.S.C. § 1125(a).

109.    Defendant represents to consumers seeking to purchase genuine Hague Products that Defendant sells genuine Hague Products to consumers.

20

110.    Defendant does not sell genuine Hague Product to consumers.

111.    Defendant's representations misrepresent the nature, characteristics, and qualities of its DWF Products and are literally false.

112.    Upon information and belief, Defendant's misrepresentations were intended to cause, and did in fact cause, deception of the public, misleading prospective purchasers as to the true characteristics and qualities of Defendant's DWF Products and influencing consumers' purchasing decisions.

113.    Defendant's misrepresentations constitute false and misleading advertising and promotion of goods.

114.    Upon information and belief, Defendant's actions have been and are intentional, deliberate, and willful, and have taken place with full knowledge of A. O. Smith and its strong rights in the HAGUE Marks.

115.    A. O. Smith has no adequate remedy at law for Defendant's continuing unlawful uses.  Defendant's actions complained of have directly and proximately caused and will continue to cause A. O. Smith damage and injury and have unjustly enriched Defendant.  Unless enjoined by this Court, Defendant will continue to do the acts complained of, cause damage and irreparable harm to A. O. Smith, and unjustly enrich itself.

116.    Defendant's unlawful actions have caused and will continue to cause damage to A. O. Smith in an amount to be determined at trial.

117.    A. O. Smith is entitled to, among other relief, injunctive relief and an award of actual damages, an accounting of Defendant's revenue and profits from these unlawful actions, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of

the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with pre-judgment and post-judgment interest.

## COUNT FOUR
### Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)

118.   A. O. Smith re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

119.   At the time of Defendant's registration or first use of haguewaterfilters.com, each of the HAGUE Marks was distinctive.

120.   The haguewaterfilters.com domain name is identical or confusingly similar to the HAGUE Marks and A. O. Smith's haguewater.com domain name.

121.   Defendant has registered, trafficked in, or used the haguewaterfilters.com domain name in interstate commerce with a bad faith intent to profit from the HAGUE Marks, in violation of 15 U.S.C. § 1125(d).

122.   Defendant's bad faith intent is demonstrated by numerous factors, including the following:

    a.   Defendant had not used the haguewaterfilters.com domain name in connection with the bona fide offering of any goods or services prior to A. O. Smith's use and registration of the HAGUE Marks or use or registration of its haguewater.com domain name and website.

    b.   At least since receiving actual notice of A. O. Smith's rights and objection, Defendant has intended to divert consumers from A. O. Smith's online location to a site accessible under the haguewaterfilters.com domain name that could harm the goodwill represented by the HAGUE Marks, either for Defendant's commercial gain or with the intent to tarnish or disparage the HAGUE Marks,

22

by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the sites accessible under the haguewaterfilters.com domain name with A. O. Smith.

c.  Defendant intended to use its ownership of the haguewaterfilters.com domain name as leverage to force A. O. Smith to purchase the haguewaterfilters.com domain name and Defendant's business in order to protect the HAGUE Marks, and when A. O. Smith requested that Defendant cease its use of the haguewaterfilters.com domain name and other unlawful uses of the HAGUE Marks, Defendant refused unless A. O. Smith offered to purchase Defendant's business.

d.  Defendant knows that the haguewaterfilters.com domain name is identical or confusingly similar to the HAGUE Marks and the haguewater.com domain name.

123.    Upon information and belief, Defendant's actions have been and are intentional, deliberate, and willful, and have taken place with full knowledge of A. O. Smith and its strong rights in the HAGUE Marks.

124.    A. O. Smith has no adequate remedy at law for Defendant's continuing infringing uses. Defendant's actions complained of have directly and proximately caused and will continue to cause A. O. Smith damage and injury and have unjustly enriched Defendant. Unless enjoined by this Court, Defendant will continue to do the acts complained of, cause damage and irreparable harm to A. O. Smith, and unjustly enrich itself.

125.    Defendant's use of the HAGUE Marks has caused and will continue to cause damage to A. O. Smith in an amount to be determined at trial.

23

126.    A. O. Smith is entitled to, among other relief, injunctive relief, an order transferring the haguewaterfilters.com domain name to A. O. Smith, and an award of actual damages, an accounting of Defendant's revenue and profits from these infringements, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with pre-judgment and post-judgment interest.

## COUNT FIVE
## Trademark Infringement in Violation of Wisconsin Common Law

127.    A. O. Smith re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

128.    A. O. Smith owns and holds valid and protectable common law trademark and trade name rights to the HAGUE Marks, including the trademark Hague.

129.    A. O. Smith's HAGUE Marks have acquired distinctiveness in Wisconsin for the Hague Products.

130.    Defendant's unauthorized use of the HAGUE Marks in commerce—including Wisconsin commerce—in connection with Defendant's goods is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Defendant's goods and services with A. O. Smith or the Hague Products, or as to the approval of Defendant's goods by A. O. Smith.

131.    Upon information and belief, Defendant's actions have been and are intentional, deliberate, and willful, and have taken place with full knowledge of A. O. Smith and its strong rights in the HAGUE Marks.

132.    The acts of Defendant complained of herein constitute common law trademark infringement under the laws of the State of Wisconsin.

133.    A. O. Smith has no adequate remedy at law for Defendant's continuing infringing uses.  Defendant's actions complained of have directly and proximately caused and will continue to cause A. O. Smith damage and injury and have unjustly enriched Defendant.  Unless enjoined by this Court, Defendant will continue to do the acts complained of, cause damage and irreparable harm to A. O. Smith, and unjustly enrich itself.

134.    Defendant's use of the HAGUE Marks has caused and will continue to cause damage to A. O. Smith in an amount to be determined at trial.

135.    A. O. Smith is entitled to, among other relief, injunctive relief and an award of actual damages, an accounting of Defendant's revenue and profits from these infringements, enhanced damages, reasonable attorneys' fees, and costs of the action, together with pre-judgment and post-judgment interest.

## COUNT SIX
## Unfair Competition in Violation of Wisconsin Common Law

136.    A. O. Smith re-alleges and incorporates the allegations of the foregoing paragraphs by reference as if fully set forth herein.

137.    A. O. Smith owns and holds valid and protectable common law trademark and trade name rights to the HAGUE Marks, including the trademark Hague.

138.    A. O. Smith's HAGUE Marks have acquired distinctiveness in Wisconsin for the Hague Products.

139.    Defendant's unauthorized use of the HAGUE Marks in commerce—including Wisconsin commerce—in connection with Defendant's goods is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Defendant's goods and services with A. O. Smith or the Hague Products, or as to the approval of Defendant's goods by A. O. Smith.

140. Upon information and belief, Defendant's actions have been and are intentional, deliberate, and willful, and have taken place with full knowledge of A. O. Smith and its strong rights in the HAGUE Marks.

141. The acts of Defendant complained of herein constitute common law unfair competition under the laws of the State of Wisconsin.

142. A. O. Smith has no adequate remedy at law for Defendant's continuing violative uses. Defendant's actions complained of have directly and proximately caused and will continue to cause A. O. Smith damage and injury and have unjustly enriched Defendant. Unless enjoined by this Court, Defendant will continue to do the acts complained of, cause damage and irreparable harm to A. O. Smith, and unjustly enrich itself.

143. Defendant's use of the HAGUE Marks has caused and will continue to cause damage to A. O. Smith in an amount to be determined at trial.

144. A. O. Smith is entitled to, among other relief, injunctive relief and an award of actual damages, an accounting of Defendant's revenue and profits from these acts, enhanced damages, reasonable attorneys' fees, and costs of the action, together with pre-judgment and post-judgment interest.

## JURY DEMAND

A. O. Smith demands a trial by jury on all matters and issues triable by jury under Rules 38 and 39 of the Federal Rules of Civil Procedure and any other applicable federal and state laws.

## PRAYER FOR RELIEF

WHEREFORE, A. O. Smith respectfully requests that the Court enter judgment in its favor and against Defendant, granting the following relief:

26

A. judgment that Defendant has infringed and is infringing the HAGUE Marks and A. O. Smith's trade name;

B. judgment that such infringement by Defendant was and is intentional, deliberate, and willful;

C. an award of all damages sustained by A. O. Smith in an amount to be determined at trial;

D. an accounting and disgorgement to A. O. Smith of Defendant's profits from its unlawful conduct as set forth above;

E. an award of statutory damages to A. O. Smith;

F. an order that Defendant compensate A. O. Smith for the advertising or other expenses necessary to combat any public confusion caused by Defendant's infringement of the HAGUE Marks, unfair competition, false advertising, deceptive trade practices, and other unlawful acts;

G. an order permanently enjoining and restraining Defendant and its officers, agents, servants, employees, successors, assigns, parents, partners, consultants, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with them who receive notice of this injunction from:

    (i)      using any of the HAGUE Marks, any mark confusingly similar to the HAGUE Marks, or any confusingly similar mark, name, domain name, or colorable imitation thereof, in connection with Defendant's business which may in any way mislead or confuse anyone as to the source, affiliation, or sponsorship of such business and falsely suggest a sponsorship, connection, license, or association of Defendant and its goods with A. O. Smith;

27

(ii)     infringing any of the HAGUE Marks or the Hague trade name;

(iii)    unfairly competing with A. O. Smith in the marketing, advertising, sale, or offering for sale of water treatment systems, their component parts, such as water filters and component parts, and related goods;

(iv)    injuring A. O. Smith's business reputation and the goodwill associated with the HAGUE Marks and from otherwise unfairly competing, directly or indirectly, with A. O. Smith;

(v)    registering, trafficking, using, or maintaining the registration of the haguewaterfilters.com domain name or any other domain name that is identical or confusingly similar to the HAGUE Marks or the Hague trade name; causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval, or certification with or by A. O. Smith, or engaging in conduct tending to create a false commercial impression of Defendant's goods or any other conduct which tends to pass off Defendant's goods as those of A. O. Smith or creates a likelihood of confusion or misunderstanding or false representation;

H.  an order directing Defendant to transfer registration of the haguewaterfilters.com domain name and any other domain name within Defendant's possession, custody, or control that is identical or confusingly similar to the HAGUE Marks or the Hague trade name to A. O. Smith;

I.  an order directing Defendant to file with the Court, and to serve on A. O. Smith, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction;

J.  an order directing Defendant to account for, and pay over to A. O. Smith, Defendant's sales revenue, including all profits and unjust enrichment and all damages sustained by A. O. Smith as a result of Defendant's unlawful conduct;

K.  an award to A. O. Smith of enhanced damages as provided by law to fully compensate A. O. Smith and punitive damages for the willful and wanton nature of Defendant's wrongful acts and because this is an "exceptional" case;

L.  an award to A. O. Smith of its costs and expenses, including all reasonable attorneys' fees and costs recoverable under the Lanham Act, common law, and any other applicable law or rule;

M.  an award to A. O. Smith of pre-judgment and post-judgment interest; and

N.  such other and further relief as the Court deems just and equitable.

DATED this 12th day of June 2024.

**MICHAEL BEST & FRIEDRICH LLP**

/s/*Thomas A. Agnello*
S. Edward Sarskas, SBN 1025534
Thomas A. Agnello, SBN 1055633
790 N. Water Street, Suite 2500
Milwaukee, Wisconsin 53202
Tel: (414) 271-6560
Fax: (414) 277-0656
sesarskas@michaelbest.com
taagnello@michaelbest.com

Ethan J. Bercot (admission application forthcoming)
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, Utah 84121
Tel: (801) 833-0500
Fax: (801) 931-2500
ejbercot@michaelbest.com

*Attorneys for Plaintiff A. O. Smith*
*Water Treatment (North America), Inc.*

29
